FILED
APR 29 2009

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | 07-CR-535-BR |
| Plaintiff, | |
| | OPINION AND ORDER |
| v. | |
| JOSEPH OQUENDO SALADINO, RICHARD ALLEN FUSELIER, MARCEL ROY BENDSHADLER, MICHAEL SEAN MUNGOVAN, and RICHARD J. ORTT, | |
| Defendants. | |

KARIN J. IMMERGUT
United States Attorney
**ALLAN M. GARTEN**
**CRAIG J. GABRIEL**
**LORI A. HENDRICKSON**
Assistant United States Attorneys
1000 S.W. Third Ave., Suite 600
Portland, OR 97204-2902
(503) 727-1000

   Attorneys for Plaintiff

1 - OPINION AND ORDER

**RONALD H. HOEVET**
**CELIA A. HOWES**
Hoevet, Boise & Olson, PC
1000 S.W. Broadway
Suite 1500
Portland, OR 97205
(503) 228-0497

       Attorneys for Defendant Joseph Oquendo Saladino

**SAMUEL C. KAUFFMAN**
Garvey Schubert Barer
121 S.W. Morrison Street
11th Floor
Portland, OR 97204-3141
503 228-3939 x3220

       Attorneys for Defendant Richard Allen Fuselier

**STEVEN WAX**
Federal Public Defender
**NANCY BERGESON**
Assistant Federal Public Defender
101 S.W. Main Street
Suite 1700
Portland, OR 97204
(503) 326-2123

       Attorneys for Defendant Marcel Roy Bendshadler

**LYNNE B. MORGAN**
1420 World Trade Center
121 S.W. Salmon St.
Suite 1420
Portland, OR 97204
(503) 222-0568

       Attorney for Defendant Michael Sean Mungovan

**LAURIE BENDER**
735 S.W. First Avenue
2nd Floor
Portland, OR 97204
(503) 241-7075

       Attorney for Defendant Richard J. Ortt

**BROWN, Judge.**

This matter comes before the Court on Defendant Marcel Roy Bendshadler's Motion for a Bill of Particulars (#135). For the reasons that follow, the Court **DENIES** Defendant's Motion.

## BACKGROUND

On December 20, 2007, a grand jury indicted Defendants Joseph Oquendo Saladino, Richard Allen Fuselier, Marcel Roy Bendshadler, Michael Sean Mungovan, and Richard J. Ortt on one count of Conspiracy to Defraud in violation of 18 U.S.C. § 371.

On February 24, 2009, Defendant Mungovan filed a Motion to Strike Surplusage from Indictment joined by each of the other Defendants. On February 24, 2009, Defendant Bendshadler filed a Motion for Bill of Particulars joined by each of the other Defendants.

On April 10, 2009, the Court heard oral argument on Defendants' Motions. For the reasons then stated on the record, the Court denied as moot the Motion to Strike Surplusage and took the Motion for Bill of Particulars under advisement.

## STANDARDS

Federal Rule of Criminal Procedure 7(f) provides in pertinent part: "The defendant may move for a bill of

3 - OPINION AND ORDER

particulars before or within 10 days after arraignment or at a later time if the court permits."

> The purposes of a bill of particulars are threefold:
>
> [T]o inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague, and indefinite for such purposes.

*United States v. Ayers*, 924 F.2d 1468, 1483 (9th Cir. 1991) (quotation and citations omitted). When an indictment provides the above information, a bill of particulars is not required. *United States v. Robertson*, 15 F.3d 862, 873-74 (9th Cir. 1994), *rev'd on other grounds by* 514 U.S. 669 (1995).

A bill of particulars is intended "to supplement the indictment by providing more detail of the facts upon which the charges are based." *United States v. Inryco, Inc.*, 642 F.2d 290, 295 (9th Cir. 1981). Although a defendant is entitled to know the theory of the government's case, he is not entitled to know all of the evidence the government intends to produce. *United States v. Ryland*, 806 F.2d 941, 942 (9th Cir. 1986)(citation omitted).

"The motion for a bill of particulars is addressed to the sound discretion of the trial court and the trial court's ruling thereon should not be disturbed in the absence of an abuse of

4 - OPINION AND ORDER

that discretion." *Cooper v. United States*, 282 F.2d 527, 532 (9th Cir. 1960). *See also United States v. Ayers*, 924 F.2d 1468, 1483 (9th Cir. 1991)("The denial of a bill of particulars is reviewed for an abuse of discretion.").

## DISCUSSION

The Indictment charges Defendants under the second phrase of 18 U.S.C. § 371, which provides in pertinent part: "If two or more persons conspire . . . to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be [penalized]."

Defendants move for a Bill of Particulars on the ground that the "specific information requested will enable preparation of the defense, minimize the prejudice of surprise at trial, and protect against subsequent prosecutions based on the same facts." Defendants request the Court to direct the government to provide the following particulars:

    1. Facts of the agreement – its specific scope, when it was entered into, where it was entered into, and who entered into it;

    2. The specific ways in which the lawful functions of the government were obstructed; and

    3. The specific facts showing deceit or dishonesty in the obstruction.

Defendants also request the government to be required to

5 - OPINION AND ORDER

supplement the "OVERT ACTS" section of the Indictment to provide specific facts and means of identification wherever the word "Defendants" appears and wherever initials are used to refer to an individual.

The government contends Defendants' requests essentially ask the government to outline the proof that it intends to offer at trial, which, according to the government, is not an appropriate use of a bill of particulars.  In addition, the government asserts it has produced "thorough and detailed" discovery to Defendants sufficient to negate any need for a bill of particulars.

In the context of a conspiracy charge, the Ninth Circuit has held the district court did not abuse its discretion when it denied the defendants' motion for a bill of particulars "(1) to obtain the names of any unknown coconspirators; (2) to determine the exact date on which the conspiracy allegedly began; and (3) to delineate all other overt acts that comprised the charged activity."  The court pointed out that the defendants had failed to "specif[y] any prejudice or surprise resulting from the denial of the bill."  *United States v. DiCesare*, 765 F.2d 890, 897-98 (9th Cir. 1985)(citations omitted).  The Ninth Circuit explained in *United States v. Geise* that

> Count X [of the indictment] listed the 13 overt acts in furtherance of the conspiracy. Appellant's request for the "when, where, and how" of every act in furtherance of the conspiracy was

6 - OPINION AND ORDER

> equivalent to a request for complete discovery of
> the government's evidence, which is not a purpose
> of the bill of particulars. *United States v.
> Armocida, supra*, 515 F.2d at 54. "A defendant is
> not entitled to know all the Evidence the
> government intends to produce, but only the Theory
> of the government's case." *Yeargain v. United
> States, supra*, 314 F.2d at 882. From the
> indictment and the government evidence which he
> did receive, appellant learned enough of the
> charges against him to prepare for trial, to avoid
> surprise at trial, and to plead double jeopardy in
> the event of a new prosecution.

597 F.2d 1170, 1181 (9th Cir. 1979). "Consequently, when the government provides full discovery there is no need for a bill cf particulars." *United States v. Grace*, 401 F. Supp. 2d 1103, 1106 (D. Mont. 2005)(citing *Geise*, 597 F.2d at 1181).

At oral argument, Defendants asserted they are requesting identification of the theory of the government's case rather than seeking discovery. Defendants contend the government must prove the co-conspirators agreed to obstruct a lawful function of the government by deceitful or dishonest means and that one overt act was committed in furtherance of the conspiracy. *See United States v. Caldwell* 989 F.2d 1056, 1059 (9th Cir. 1993). According to Defendants, however, the Indictment does not specify the purpose of the alleged conspiracy sufficiently or identify the deceitful means that Defendants allegedly used. Defendants rely on *United States v. Krasovich* to support their assertion that the Indictment is not sufficiently particular.

In *Krasovich*, a husband and wife were operating a "cocaine

7 - OPINION AND ORDER

business," and the defendant was their mechanic. 819 F.2d 253, 254 (9th Cir. 1987). The government arrested the husband and wife and instituted forfeiture proceedings against their property, including a 1985 pick-up truck. Several months later, the defendant purchased the truck from the wife and registered it in his name so it would not be registered in the wife's name. *Id.* The evidence at trial established the defendant knew the husband and wife were involved in the drug trade and that the defendant had filed false statements with the government claiming ownership of the truck as well as other vehicles and equipment owned by the husband and wife. *Id.* The evidence, however, did not reflect the defendant intended "to agree" with anyone else to impede the Internal Revenue Service (IRS) in its collection of taxes when he purchased the 1985 truck. Nevertheless, the defendant was convicted on one count of conspiracy to defraud the IRS "in the ascertainment, computation, assessment and collection of revenue, that is, federal individual income taxes." *Id.*

The Ninth Circuit held the evidence was insufficient to permit a reasonable jury to find the defendant guilty of the crime with which he was charged. *Id.* The Ninth Circuit noted "[k]nowledge of the objective of the conspiracy is an essential element of any conspiracy conviction . . . [,and ,therefore,] the government must prove knowledge of [the] objective]" to interfere with the ascertainment, computation, assessment, and collection

8 - OPINION AND ORDER

of personal income taxes. *Id.* at 255 (citations omitted). In addition, the government must prove "an agreement with a co-conspirator to pursue that objective as a common one." *Id.* The Ninth Circuit, however, did not address whether the indictment was sufficiently particular. As the Ninth Circuit also noted, the acts alleged in *Krasovich* arose out of a drug case.

> [The wife, therefore,] may have wished to conceal ownership of the truck because she wanted to use it in illegal activities, or because she wanted to avoid drawing attention to herself or her finances, or because she feared seizure of the truck under the forfeiture statute if her ownership became known. This is not a case where efforts at concealment would be reasonably explainable only in terms of motivation to avoid taxation.

*Id.* at 256 (quotation omitted).

Here the government alleges in the Indictment that Defendants "agreed together to defraud the United States by deceitful and dishonest means by impeding, impairing, obstructing and defeating the lawful government functions of the Internal Revenue Service . . . in the ascertainment, computation, assessment and collection of revenue, that is, federal individual income taxes." The government further alleges ten specific "manner and means" in which Defendants conspired to defraud the government, all of which relate to marketing and selling programs "designed to assist people in evading the assessment or collection of federal income taxes." In addition, the government alleges 89 overt acts in furtherance of the alleged conspiracy.

9 - OPINION AND ORDER

Finally, as the government noted in its Response to the Motion and at oral argument, it has provided extensive discovery to Defendants in the form of searchable electronic files that detail the individual tax transactions at issue and identify the specific Defendants involved with those transactions. Thus, the alleged facts of this case are distinguishable from those in *Krasovich* in that there is not any other likely motive than to market and to sell programs to assist people in evading income taxes.

Nevertheless, Defendants assert the Indictment does not describe specifically how Defendants intended to defraud the government; for example, by increasing deductions or some similar scheme. Defendants' contention taken to its logical conclusion, however, would require the government to list the specific means to defraud as to each and every instance of alleged tax fraud, but the Court is not aware of any legal requirement to provide that level of specificity.

The Court, therefore, concludes the Indictment, coupled with the discovery provided by the government, is sufficiently particularized to inform Defendants as to the nature of the charges against them "with sufficient precision to enable [them] to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to enable [them] to plead [their] acquittal or conviction in bar of another prosecution for the

10 - OPINION AND ORDER

same offense." See Ayers, 924 F.2d at 1483. Accordingly, in the exercise of its discretion, the Court denies Defendants' Motion for Bill of Particulars.

## CONCLUSION

For these reasons, the Court **DENIES** Defendants' Motion for a Bill of Particulars (#135).

IT IS SO ORDERED.

DATED this 29th day of April, 2009.

_____
ANNA J. BROWN
United States District Judge

11 - OPINION AND ORDER